# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NORTHEASTERN DIVISION

| | |
|---|---|
| STEPHANIE LONG, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 2:17-cv-00072 |
| ) | |
| JASON MORGAN, ) | |
| ) | |
| Defendant. ) | |
| | |
| MICHAEL JOBES, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 2:17-cv-00073 |
| ) | |
| JASON MORGAN, ) | |
| ) | |
| Defendant. ) | |
| | |
| CRYSTAL MADEWELL PAIGE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO. 2:17-cv-00074 |
| ) | |
| JASON MORGAN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Following the Clerk of Court's entry of default in the three above-captioned cases on October 17, 2018, Plaintiffs filed the pending Amended[1] Motions for Entry of Default Judgment

---

[1] By Order entered on January 27, 2020, the Court denied without prejudice Plaintiffs' original Motions for Default Judgment for not containing information "(by means of evidence, a declaration, or otherwise) as to how the Court should calculate damages or attorney's fees." The

against Defendant Jason Morgan pursuant to Federal Rule of Civil Procedure 55(b)(2). (Doc. No. 47, 2:17-cv-00072; Doc. No. 49, 2:17-cr-00073; Doc. No. 62, 2:17-cr-00074). Plaintiffs are seeking unpaid overtime wages, liquidated damages, and attorney's fees and costs under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §§ 207, 216(b). For the following reasons, Plaintiffs' motions will be granted with modifications.

I.   **DEFAULT JUDGMENT**

Once the Clerk of Court enters default, the "well-pleaded allegations relating to liability are taken as true." See In re Family Resorts of America, Inc., No. 9104127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). However, default is not considered an admission of damages. See Antoine v. Atlas Turner, Inc., 66 F.3d 105, 110 (6th Cir. 1995) ("If the District Court determines that [Defendant] should be bound by the default judgment, this does not resolve issues relating to damages."). In other words, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Vesligaj v. Peterson, 331 F. App'x 351, at *4 (6th Cir. 2009) (quoting Credit Lyonnais Sec. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999)).

The Clerk entered default against Morgan under Federal Rule of Civil Procedure 55(a), and Plaintiffs now seek a default judgment against Morgan pursuant to Rule 55(b)(2). Despite many opportunities over the last two years, Morgan never obtained counsel or defended against Plaintiffs' allegations. Plaintiffs are therefore entitled to default judgment against Morgan.

---

Court also dismissed Defendant Shamrock Alliance, LLC, leaving Jason Morgan as the sole remaining defendant in these cases.

Regarding the appropriate damages owed to Plaintiffs, the Court will first address Plaintiffs' requests for damages relating to Morgan's failure to pay minimum wages and overtime, and then it will consider Plaintiffs' request for attorney's fees and costs.

## II. UNPAID WAGES AND LIQUIDATED DAMAGES

The FLSA generally requires employers to pay employees a minimum wage of $7.25 per hour for up to 40 hours per week and overtime compensation of one and one-half times the employee's regular rate of pay for hours worked over 40 in a workweek. 29 U.S.C. §§ 206(a), 207(a)(1). An employer who violates the minimum wage and overtime compensation provisions of the FLSA is liable to the employee for the unpaid wages, plus liquidated damages equal to the amount of those unpaid wages. 29 U.S.C. § 216(b).

"[A]n employee bringing . . . suit [under the FLSA] has the 'burden of proving that he performed work for which he was not properly compensated.'" Monroe v. FTS USA, LLC, 860 F.3d 389, 398 (6th Cir. 2017) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-87 (1946)). However, where the employer's records are inaccurate or inadequate, an employee can carry his burden "if he proves that he has in fact performed work for which he was improperly compensated and . . . produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Id. at 398-99 (quoting Mt. Clemens at 687). Estimates may suffice under this standard because "an inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records." Id. at 412 (citing Mt. Clemens at 688).

Plaintiffs claim that Morgan never produced his time or pay records, and even if these records were available for review, they would likely be inaccurate because Morgan did not adhere to the FLSA's recordkeeping requirements. See 29 U.S.C. § 211(c). Thus, most Plaintiff-employees have attached sworn declarations as evidence to show the amount they worked without

proper compensation. These declarations are also used to estimate the average damages owed to the Plaintiff-employees who did not submit a sworn declaration. See Monroe, 860 F.3d at 411-12 (citing U.S. Dep't of Labor v. Cole Enters., Inc., 62 F.3d 775, 781 (6th Cir. 1995) (allowing information pertaining to testifying witnesses to be used to make estimates and calculations for similarly situated employees who did not testify).

The Court finds that Plaintiffs' declarations and damage calculations provide "sufficient evidence to show the amount and extent of [their] work as a matter of just and reasonable inference." Id. at 398-99. In these declarations, most Plaintiffs claim they either were not compensated for work performed "off-the-clock" or for time that Morgan "edited out" or shaved" from their recorded time, were not paid minimum wage for their required non-tip producing "side work," or were not paid overtime. Morgan has not come forward with any evidence disputing these estimates or detailing the exact number of hours each Plaintiff worked. See Monroe, 860 F.3d at 407 (citing Mt. Clemens, 328 U.S. at 687-88) (noting that if the employer fails "to prove the precise amount of work performed or otherwise rebut the reasonably inferred damages amount[,] . . . the court may award the reasonably inferred, though perhaps approximate, damages"). Some Plaintiffs[2] also claim they were "misclassified as salaried/exempt employees" under 29 U.S.C. § 213(a)(1) and should have been paid overtime. The Court will accept these Plaintiffs' position because the exemption for individuals "employed in a bona fide executive, administrative, or professional capacity" under 29 U.S.C. § 213(a)(1) is narrowly construed against the employer seeking it, and Morgan, who has the burden of pleading, production and persuasion, did not come forward with any evidence to meet his burden of proof for the exemption. See Schaefer v. Indiana

---

[2] The allegedly misclassified Plaintiffs are Kristi Bridges, Michael Jobes, Stephanie Long, Sarah Threet, and Tracy Bandy.

4

Mich. Power Co., 358 F.3d 394, 399-400 (6th Cir. 2004). Thus, the Court will calculate Plaintiffs' damages based on the unopposed sworn declarations as follows, noting any discrepancies where appropriate:

| Plaintiff | Unpaid Wages Owed |
|---|---|
| Amber Brown | $5,307.40 |
| Danya Jackson | $921.60[3] |
| Elizabeth Frasier | $9,425.00 |
| Hanna Bridges | $13,086.32 |
| Jessica Adams | $742.20 |
| Kristi Bridges | $19,604.00 |
| Kenyatta Jones | $9,435.40 |
| Kiara Martin | $20,597.25 |
| Lakeshia Knight-Bolton | $9,882.75[4] |
| Marcie Dodson | $36,969.70 |
| Michael Jobes | $6,470.63 |
| Neon (Staggs) Morgan | $9,406.50 |
| Stephanie Long | $18,850.00 |
| Sarah Threet | $9,439.50 |
| Tracy Bandy | $2,854.25 |
| Vickie Powell | $7,488.00 |
| | **$180,480.50** |

---

[3] The Declaration of Danya Jackson states that Jackson worked 12 weeks, but Plaintiffs calculated her damages as if she had worked 17 weeks. The Court has adjusted this amount down from $1,305.60 based on Jackson's 12-week employment.

[4] The Declaration of Lakeshia Knight-Bolton states that she was not paid for 3 weeks of "edited out" time for a total of 12 hours, but Plaintiffs calculated her damages as if the total was 36 hours. The Court has adjusted this amount down from $9,839.25 to reflect her 12 hours of edited out time.

The ten Plaintiff-employees who did not submit sworn declarations are Tarama Garrison, Michele Tackett,[5] Toni Black, Crystal Paige, Jennifer Pilgrim, Kristie Saugestad, Eric Watts, Amy Wonsey, Joan Zusin, and Sheila Mills.[6] Plaintiffs seek to calculate the damages for these nontestifying employees based on the total average owed to the testifying employees. Although this approach to calculating damages is reasonable, the Court is concerned that the average total amount is unfairly skewed by a few outliers. See U.S. Dep't of Labor v. Cole Enters., Inc., 62 F.3d 775, 781 (6th Cir. 1995) ("[t]he testimony of fairly representative employees may be the basis for an award of back wages to nontestifying employees") (emphasis added). Thus, the Court finds it appropriate to remove the two highest totals ($36,969.70 to Marcie Dodson and $20,597.25 to Kiara Martin) and the two lowest totals ($742.20 to Jessica Adams and $921.60 to Danya Jackson) to calculate a more representative average. After removing the four outlier amounts from the equation, the Court calculates the representative average by dividing the total amount owed to the testifying employees ($121,249.75) by the remaining number of testifying employees (12). Accordingly, the Court finds as a just and reasonable inference that the ten Plaintiffs who did not submit sworn declarations are entitled to $10,104.15 in unpaid wages each.

The Court also finds that each Plaintiff is entitled to FLSA liquidated damages equal to the amount of unpaid wages and overtime they are owed, particularly because there is no evidence to suggest Morgan acted in good faith. See 29 U.S.C. § 260. Based on these calculations, Morgan

---

[5] Plaintiffs do not explain how they calculated the amount owed to Tarama Garrison and Michele Tackett, and why that amount should be higher than the amount owed to the other nontestifying employees. Therefore, the Court will group Garrison and Tackett in with the other nontestifying employees for purposes of calculating damages.

[6] Because Plaintiffs' counsel represents that Sheila Mills provided declaration testimony about her damages but failed to sign her sworn declaration, the Court will calculate her damages as though she did not provide any declaration at all.

6

owes Plaintiffs $281,522.00[7] in unpaid wages and $281,522.00 in liquidated damages, for a total of $563,044.00 for violating the FLSA.

## III.   ATTORNEY'S FEES AND COSTS

Plaintiffs' counsel requests $17,500 in attorney's fees. If an employer is found liable under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b) (emphasis added). Although the FLSA does not define what constitutes a "reasonable" fee, "[t]he starting point for determining a reasonable fee is the lodestar, which is the product of the number of hours billed and a reasonable hourly rate." Id. (citing Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). "The party seeking attorneys fees bears the burden of documenting his entitlement to the award." Reed v. Rhodes, 179 F.3d 453, 472 (6th Cir. 1999) (citing Webb v. Dyer County Bd. of Educ., 471 U.S. 234, 242 (1985)).

In support of Plaintiffs' fee request, counsel provided the Declaration of Attorney Gordon E. Jackson who explains that the law firm working on this case "spent approximately 50 hours of attorney time in this matter including drafting the Complaint, investigation of claims, correspondence with clients, legal research into FLSA overtime exemptions, and drafting and gathering declarations in support of Plaintiffs' Motion for Entry of Default." When multiplied by a "reasonable hourly rate of $350.00 per hour, the total amount of attorney's fees compiled in this case comes to $17,500.00." Ideally, Plaintiffs' counsel would have also provided itemized billing records or time entries for each attorney who worked on the case. But even without this evidence and the Court's familiarity of FLSA litigation, the Court finds that 50 hours is a fair and reasonable amount of time for Plaintiffs' counsel to have worked on the subject matter identified in his

---

[7] To come up with this amount, the Court multiplied the $10,104.15 owed to the nontestifying employees by 10, and added that amount to the $180,480.50 owed to the testifying employees.

Declaration, particularly where there are no objections to the fees, there were no unsuccessful claims, counsel has ensured the Court that he exercised billing judgment with respect to the hours worked, and Defendants continuously stonewalled Plaintiffs' efforts to litigate this case. See Hensley, 461 U.S. at 437 n.12 (counsel "is not required to record in great detail how each minute of his time was expended[,] . . . [b]ut at least counsel should identify the general subject matter of his time expenditures").

The Court must also determine whether $350 is a reasonable hourly rate, "us[ing] as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." Geier v. Sundquist, 372 F.3d 784, 791 (6th Cir. 2004). "A district court is permitted to 'rely on a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests.'" Waldo v. Consumers Energy Co., 726 F.3d 802, 821-22 (6th Cir. 2013) (quoting Van Horn v. Nationwide Prop. & Cas. Ins. Co., 436 F. App'x 496, 499 (6th Cir. 2011)). Plaintiffs' counsel declares under penalty of perjury that he is "familiar with the rates charged by attorneys for FLSA matters," and that "[a] reasonable hourly fee for attorneys in Tennessee with the experience and expertise of our firm is $350.00 to $400.00 per hour." The Court also finds persuasive that Plaintiffs' law firm did not object to $350 being a reasonable hourly rate in prior cases. See Crouch v. Guardian Angel Nursing, Inc., No. 3:07-cv-00541, 2010 WL 11579696, at *2 (M.D. Tenn. Mar. 1, 2010). Thus, the Court finds that the requested hourly rate is fair and reasonable.

Plaintiffs' Counsel also seeks $4,419.02 in unreimbursed litigation expenses[,] . . . consist[ing] of court filing fees for the three (3) cases, payment to multiple process servers in Tennessee and Kentucky in attempts to track down Defendants, postage and photocopy expenses,

Westlaw research fees, PACER search fees, mileage, and lodging accommodations." Because Morgan has not objected to the reasonableness of these costs, the Court will award $4,419.02 in litigation expenses. See Hawkins v. Center for Spinal Surgery, No. 3:12-cv-01125, 2017 WL 6389679, at *9-11 (M.D. Tenn. June 21, 2017) (awarding costs for postage, travel, lodging, and Westlaw and PACER expenses).

Accordingly, the Court finds that the requested $21,919.02 in attorney's fees and expenses are reasonable, and Plaintiffs' counsel is entitled to that amount.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiffs' First Amended Motions for Entry of Default Against Defendant Jason Morgan in the above-captioned cases will be granted, subject to the modifications identified above.

An appropriate order will enter.

                                                                                    _____
                                                                                    WAVERLY D. CRENSHAW, JR.
                                                                                    CHIEF UNITED STATES DISTRICT JUDGE